IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIKE JAY LOVELACE,                                    Case No. 3:14-cv-00225-HU

            Petitioner,            FINDINGS AND RECOMMENDATION

    v.

MARION FEATHER, Warden,

            Respondent.


MIKE J. LOVELACE
FCI Sheridan
P.O. Box 5000
Sheridan, Oregon 97378

    Petitioner, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
District of Oregon
NATALIE WIGHT
Assistant U.S. Attorney
United States Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

    Attorneys for Respondent


HUBEL, Magistrate Judge


1 -- FINDINGS AND RECOMMENDATION

Petitioner, a federal inmate currently housed at a Residential Reentry Center (RRC), brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.[1]   For the reasons set forth below, petitioner's habeas petition should be denied.

## BACKGROUND

On January 28, 2008, petitioner was sentenced to a 41-month term of incarceration pursuant to his conviction for bringing in illegal aliens without presentation, and aiding and abetting, in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 2.  Declaration of Jamie Pedraza at ¶ 2 & Att. 1.  On October 28, 2010, petitioner was placed on supervised release.  Id. at ¶ 2.  On August 8, 2011, his supervised release was revoked, and he was ordered to serve 21 months.  Id. at ¶ 2 &  Att. 3.  On October 31, 2011, petitioner pled guilty to an additional charge of bringing in an illegal alien without presentation.  Id. at ¶ 2 & Att 4.  Petitioner was sentenced to a concurrent 41-month term of incarceration.  Id.

On October 10, 2013, petitioner's Unit Team evaluated petitioner's need for placement in a RRC.  The Unit Team recommended that petitioner receive 121 to 150 days in a RRC pursuant to 18 U.S.C. § 3625.  Id. at § 3 & Att. 6.  Case Manager Jamie Pedraza noted on the referral form that petitioner "requests placement at the RRC located at 35th Street in San Diego."  Id. at

---

[1]  According to the Bureau of Prison's website, petitioner currently is housed at a RRC located in Long Beach, California.

¶ 3 & Att. 6.  Petitioner subsequently was approved for a 140-day pre-release RRC placement at Correctional Alternatives, Inc., located at 551 S. 35th Street, San Diego, California.  Id. at ¶ 3.

However, on December 19, 2013, petitioner refused to sign the furlough application for his placement at Correctional Alternatives, Inc., and requested placement at the Pacific Furlough Facility (a RRC located at 2727 Boston Avenue, San Diego, California).  Id. at ¶ 4 & Petition at 2.  In his request for administrative review, petitioner explained:

> I am not refusing halfway house just this specific one that someone designated me to who doesn't know the reason's why I requested any other Halfway House.  I cannot go to a Halfway House that I know I have had previous problems with the Director and Captain at and will be put in perilous positions to fail the program there.

Pedraza Dec. at ¶¶ 5-6 & Att. 8 at 2.

On March 6, 2014, Warden Marion Feather denied petitioner's administrative review request on the basis that the RRC located at 35th Street is appropriate for petitioner and his mental health concerns.  Id. at ¶ 5 & Att. 8.  Petitioner did not seek review by the Western Regional Office of the Central Office.  Id. at ¶ 7.[2]

///

///

---

[2] Respondent does not raise exhaustion as a defense, and I find that exhaustion would be futile.  See Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 2004) (exhaustion of administrative remedies in § 2241 may be excused based upon futility).

3 -- FINDINGS AND RECOMMENDATION

## DISCUSSION

Petitioner alleges that prison officials have violated 18 U.S.C. § 3624(c)(1), by designating a halfway house operated by staff members with whom he has a "personal conflict." Habeas Petition at 2. According to petitioner, this would place him in a "precarious predicament" because the staff members could "arbitrarily violate him without him doing anything to actually permit them in doing so." Id. Petitioner relies upon 18 U.S.C. § 3624(c)(1), which provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner *a reasonable opportunity to adjust to and prepare for the reentry* of that prisoner into the community. Such conditions may include a community correctional facility.

(Emphasis added)

Petitioner argues that respondent has not provided him with a "reasonable opportunity to adjust," because he has a personal conflict with the RRC staff. In response, respondent argues that (1) this Court lacks subject-matter jurisdiction to review the BOP's discretionary RRC placement and selection pursuant to 18 U.S.C. § 3625; and (2) petitioner has no right to be released to the RRC of his choice. I agree with both contentions.

Petitioner's habeas petition challenges the BOP's discretionary decision to place petitioner at Correctional

Alternatives RRC (located at 551 S. 35th Street in San Diego),
rather than the Pacific Furlough Facility (located at 2727 Boston
Avenue in San Diego).   This court lacks habeas jurisdiction to
review the BOP's individualized RRC placement decisions.  See Reeb
v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); Ingram v. Thomas,
2011 WL 1791234, *4 (D.Or. May 10, 2011).  Although judicial review
is available to review BOP action that allegedly is contrary to
established federal law, violates the United States Constitution,
or exceeds its statutory authority,"[3] petitioner's habeas petition
alleges only that the BOP erred in exercising its discretion in his
particular case.   In any event, petitioner has no constitutional
right to be placed in a particular RRC.  Cf. Meachum v. Fano, 427
U.S. 215, 224 (1976)(no constitutional right to be confined in
particular correctional institution).

　　　Finally, given the fact that it appears petitioner is not
currently confined at the objectionable RRC, this action is moot
because there is no injury that can be redressed by a favorable
decision in this case.  Pierce v. Thomas, 400 Fed. Appx. 259, *1
(9th Cir. Oct. 21, 2010) (unpublished); Stone v. Thomas, 2011 WL
1364053, *1-*2 (D. Or. April 11, 2011).  Accordingly, habeas relief
should be denied.

///

--------

[3] Reeb, 636 F.3d at 1228.

## CONCLUSION

Based on the foregoing, petitioner's habeas petition (#2) should be dismissed for lack of jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due December 19, 2014.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due January 5, 2015.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 1st day of December, 2014.


/s/ DENNIS J. HUBEL
Dennis J. Hubel
United States Magistrate Judge

6 -- FINDINGS AND RECOMMENDATION